## In re Franchise of Hospitalized Veterans

Before Adams and Kennedy, J. J.

*Louis Rosenberg,* for petitioners.

PER CURIAM, July 13, 1951.—These two petitions were filed in this court July 12, 1951, and because of the emergency indicated in the petitions, rules issued to the Election Department of Allegheny County and to the Republican and Democratic Allegheny County Committees to show cause why the prayers of the petitions should not be granted. We do not find anything in the Election Code that authorizes petitions such as are set forth in these proceedings, but in the interest of making a prompt ruling, we shall construe these petitions as complaints in mandamus.

The petition at October term, 1951, no. 648, sets forth that the 12 petitioners are residents of Allegheny County, Pa.; that they are bedridden and hospitalized at the Veterans Hospital at Aspinwall in this county as a direct result of their military service. They seek the right to obtain veterans' ballots under the provisions of Act No. 1 of the General Assembly approved by the Governor on March 6, 1951.

The petition at October term, 1951, no. 649, sets forth that the 41 petitioners are residents of Allegheny. County; that they are bedridden and hospitalized at the Veterans Hospital at Aspinwall in this county as the result of illness or physical disability contracted or suffered prior or subsequent to their military service in the armed services of the United States Government.

The Act of March 6, 1951, P. L. 1,* supra, was passed on the authority of the constitutional amendment of article VIII, sec. 18, of the Constitution, adopted November 8, 1949. That amendment reads as follows:

"The General Assembly may, by general law, provide a manner in which, and the time and place at which,

qualified war veteran voters, who may, on the occurrence of any election, be unavoidably absent from the State or county of their residence because of their being bedridden or hospitalized due to illness or physical disability contracted or suffered in connection with, or as a direct result of, their military service, may vote and for the return and canvass of their votes in the election district in which they respectively reside."

Neither the amendment nor the 1951 Act attempts to permit absentee or the right to vote by mail to any veterans whose enforced absence from their respective counties or from the Commonwealth, because of being bedridden or hospitalized, is not the direct result of their military service. Therefore we must discharge the rule granted to those veterans whose disability is not the result of military service, at the proceeding at October term, 1951, no. 649.

Unquestionably the veterans who are bedridden and hospitalized directly as the result of their military service, and as set forth in the proceeding at October term, 1951, no. 648, have the right to veterans' ballots under the provisions of the constitutional amendment and the 1951 Act, supra, if they respectively were residents of any county in the State other than Allegheny County. Both the amendment and the act state that such veterans are entitled to ballots if "unavoidably absent from the State or county of their residence because of their being bedridden or hospitalized due to illness or physical disability contracted or suffered in connection with, or as a direct result of, their military service, . . ."

It is argued by their counsel that it would be discriminatory to disfranchise a bedridden veteran simply because he is in the county of his residence at the time of an election and to permit another veteran who is bedridden or hospitalized outside the county of his resi-

dence to vote. We fully agree with this argument. However, article VIII of the Constitution of 1874, with its amendments, sets up the requirements of a citizen to obtain the right to vote. See Lancaster City's Fifth Ward Election, 281 Pa. 131 (1924). The amendment of article VIII, sec. 18, adopted on November 8, 1949, clearly and unmistakably states that the bedridden veteran must be unavoidably absent from his county in order to obtain a veteran's ballot. The reason or the wisdom of limiting the right only to those veterans who are absent from their respective counties is not for us to determine. It is unfortunate and we agree it is discriminatory, yet our duty is clear; we must discharge the rule also as to those veterans who are residents of this county, bedridden and hospitalized within the county, because neither the constitutional amendment, supra, nor Act No. 1 of 1951 gives us the authority to direct the Election Department of this county to send to them veterans' ballots. We are not attempting to rule that either the amendment or the act is ineffective. This statement is simply our personal conclusion. In Johnston Election Code, sec. 2325, in commenting on the amendment of November 8, 1949, supra, the following is stated:

"The aforesaid amendment is limited to veterans who are absent from the state or county, but does not apply to a veteran who is bedridden or hospitalized in the county of which he is a resident."